UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Petitioner, | : |
| v. | : CASE No. 8:09-MC-97-T-30TGW |
| JOSEPH SAVAGE, | : |
| Respondent. | : |

REPORT AND RECOMMENDATION

The United States of America seeks to hold in contempt the respondent, Joseph Savage, for his failure to produce the books, papers, records, or other data sought in the two Internal Revenue Service ("IRS") summonses that he has been ordered to comply with. An evidentiary hearing was conducted at which the respondent testified that, for the most part, he has no records. The hearing developed, however, that the respondent did have some records that appear to be covered by one of the summonses, although the respondent reasonably could have failed to appreciate that obligation. Accordingly, I recommend that the prior Order simply be supplemented to

direct that certain records he indicated are in existence and accessible to him be produced.

I.

The summonses relate to investigations being conducted into the collection of tax assessments of the respondent for the years 2000 through 2003, and for the determination of the individual federal income tax liability of the respondent for the years 1999, and 2004 through 2008. The summonses, served on April 22, 2009, directed that the respondent appear before a revenue officer and produce documents for examination (Doc. 1, Exs. 3, 4). The respondent appeared but did not comply with the summonses, and the Government filed a petition to enforce the summonses (id., Ex. 2).

After a hearing on the petition, the respondent was ordered on February 1, 2010, to comply with the two IRS summonses served upon him (Doc. 7). Thus, the respondent was directed "to produce those books, papers, records, or other data that may be relevant to the collection of the identified federal tax assessments, as well as the designated federal tax liability of Joseph Savage, that have not already been obtained from other sources" (Doc. 6, p. 4). Joseph Savage subsequently appeared at the IRS office in Sarasota,

Florida, as required by the court's Order. However, he did not produce any records (Doc. 9-1). Rather, he again asserted demands that the IRS officers answer various questions, despite my warning that the IRS was not required to answer his queries (id.; see Doc. 6). Consequently, the Government filed a motion for issuance of an order to show cause why the respondent should not be held in contempt (Doc. 9).

A hearing was held on July 9, 2010, on the motion. At the hearing, the respondent testified under oath that he does not have in his possession any records concerning his personal income. However, his testimony was somewhat vague and inconsistent. Upon examination by the Government, the respondent indicated that he was involved with three businesses. He had operated one business, Aqua Essence, from about 2001 until approximately eight months ago. He would receive income and payment of his expenses from that business. However, he said he had no record of those payments, and did not keep any bank statements concerning those funds.

The respondent also testified that he has recently been involved, as half-owner, with two other businesses: Rejuvenations and Scaler

Technology. He said that he has not received any income from them, and they have not paid any of his expenses. The respondent stated that he mostly loaned money to them, indicating that through credit cards he bought equipment for Rejuvenations.

At the end of the hearing, it was not clear to me whether the records the plaintiff had access to were covered by the summonses (Doc. 12). Accordingly, the parties were directed to file memoranda on that issue. The Government's memorandum, as the respondent correctly noted, missed the point. It addressed whether the records were relevant, not whether they were covered by the summonses.

### II.

The standard for a finding of contempt, which, of course, is a serious matter, requires the petitioner to prove by clear and convincing evidence that the respondent violated the court's prior order. <u>Matter of Newton</u>, 718 F.2d 1015 (11th Cir. 1983). The Government's memorandum certainly does not make that showing. Moreover, my review of the summonses indicates that the respondent could reasonably think that they

were not seeking records of Rejuvenations and Scaler Technology.*
Accordingly, a finding of contempt is not warranted.

Nevertheless, the Order of February 1, 2010 (Doc. 7), should be supplemented to specify that the respondent shall produce certain records of Rejuvenations and Scaler Technology to the extent they are requested in the summons with the heading of "Collection Information Statement" (Doc. 1, p. 12). That summons requests documents the respondent controls regarding assets which he partially owns. The two businesses appear to be assets partially owned by the respondent. Also, the credit card statements that he says he keeps would fall within the category of "liabilities" in that same request. Notably, the respondent indicated at the hearing that he was willing to produce these documents.

---

*The first summons directs Joseph Savage to produce "[a]ll documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit" from January 1, 2008, through April 1, 2009 (Doc. 1, p. 12).

The second summons requires the respondent to produce "[a]ll documents and records you possess or control about income you received" for the years 1999, and 2004-2008 (id., p. 15). It goes on to state that the respondent must turn over all "books, records, documents and receipts for income from...wages, salaries, tips, fees, commissions, interest, rents, royalties, alimony, state or local tax refunds, annuities, life insurance policies, endowment contracts, pensions, estates, trusts, discharge of indebtedness, distributive shares of partnership income, business income, gains from dealings in property, and any other compensation for services" (id.).

Accordingly, I recommend that the Government's motion be granted only to the extent that the Order of February 1, 2010, be supplemented to require the respondent to produce records of Rejuvenations and Scaler Technology, including credit card statements, that are requested by the summons entitled "Collection Information Statement."

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 6, 2010

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).